DORSEY & WHITNEY LLP
William G. Primps (WP-6626)
Bruce R. Ewing (BE-0724)
Jena Tiernan (JT-6038)
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200

*Attorneys for Plaintiffs*
*Island Two LLC and Scott Sozio*

SCAROLA MALONE & ZUBATOV LLP
Daniel C. Malone (DM-6612)
1700 Broadway, 41st Floor
New York, New York 10019
(212) 757-0007

*Attorneys for Plaintiff Scott Sozio*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISLAND TWO LLC and SCOTT SOZIO,

     Plaintiffs,

– against –

ISLAND ONE, INC.; and DOUGLAS TEITELBAUM,

     Defendants.

ISLAND ONE, INC.,

     Counterclaimant,

– against –

ISLAND TWO LLC and SCOTT SOZIO,

     Counterclaim-Defendants.

Case No. 13 Civ. 2121 (LGS) (JLC)

**FOURTH AMENDED COMPLAINT**

---

  Plaintiffs Island Two LLC ("Island Two") and Scott Sozio ("Sozio"), by and through their undersigned counsel, as and for the Fourth Amended Complaint, allege as follows:

## Nature of Action

1.  This is an action to recover for defendant Island One, Inc.'s ("Island One") repudiation of the Management Agreement ("Management Agreement," attached hereto as Exhibit A, effective June 1, 2011) between Island Two, as "Advisor;" and Island One and Homewood Capital LLC ("Homewood"). In the alternative, Island Two seeks a declaration that, given the absence of a material breach by Island Two, Island One's failure to follow the notice-and-cure provisions of the Management Agreement, and Island Two's stated readiness to perform, Island One has not effected and cannot now effect a termination of the Management Agreement; Island Two also seeks related injunctive relief. Island Two also seeks recovery from defendant Douglas Teitelbaum ("Teitelbaum") for his wrongful interference with the Management Agreement. Finally, Island Two seeks indemnification from Island One under the Management Agreement, and plaintiff/counterclaim-defendant Scott Sozio ("Sozio") likewise seeks indemnification from Island One under both the Management Agreement and the Amended Articles of Incorporation of Island One.

## Parties

2.  Plaintiff Island Two is a limited liability company organized under the laws of the State of Connecticut, with its principal business located in that state. The sole member of Island Two is plaintiff Scott Sozio, a citizen of the State of Connecticut who resides in that state. Sozio was first added to this proceeding as a counterclaim-defendant by Island One and now joins the case as a plaintiff as well.

3.  Defendant Island One is a corporation organized under the laws of the State of Florida, with its principal place of business located, on information and belief, at 8680 Commodity Circle, Orlando, Florida 32819.

4. Defendant Teitelbaum is an individual who, on information and belief, resides in, and is a citizen of, the State of New York. Teitelbaum serves as a director of defendant Island One.

### Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this action is between plaintiff Island Two, a limited liability company organized under the laws of Connecticut, plaintiff-counterclaim-defendant Scott Sozio, who likewise resides in Connecticut, and two defendants who are citizens of either New York or Florida, where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over defendants by virtue of their residence and activities within this State and this District under New York Civil Practice Law and Rules Rule 301. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

7. Further subject matter jurisdiction is provided by the claim herein for declaratory relief under 28 U.S.C. § 2201, to recognize and enforce the validity of the Management Agreement and to prevent and enjoin defendants from continuing to violate the terms of said agreement.

### Factual Background

8. Defendant Island One and its affiliates operate a vacation ownership, hospitality and resort management business. Homewood Capital LLC ("Homewood") and its principal member, defendant Teitelbaum, manage and control Island One through various affiliates, including Timeshare Acquisitions LLC, a limited liability company organized under the laws of the State of Delaware ("Timeshare Acquisitions") and TAC Sponsor LLC, a limited liability company organized under the laws of the State of Delaware ("TAC").

9. The Operating Agreement of TAC is attached here to as Exhibit B. It provides that Homewood IOI, whose manager and controlling member is defendant Teitelbaum, shall manage TAC.

10. Timeshare Acquisitions is the majority and controlling shareholder of defendant Island One, owning substantially all the stock of Island One, in excess of 90%. Defendant Teitelbaum is Chairman of Timeshare.

11. Timeshare Acquisitions exercises effective control over Island One's operations through its majority ownership of defendant Island One.

12. Under the terms of Timeshare Acquisitions' operating agreement, attached hereto as Exhibit C, TAC, as described above, which is managed by Homewood IOI, which in turn is managed and controlled by defendant Teitelbaum, is appointed as manager of Timeshare Acquisitions, with effective control over the operations of Timeshare Acquisitions.

13. In accordance with the authority granted through the TAC operating agreement, the Timeshare Acquisitions operating agreement and Timeshare Acquisitions' control of Island One through its majority ownership, defendant Teitelbaum, by proxy, exercises effective control over defendant Island One, at which he holds positions as Director and Chairman.

14. In order to provide the services necessary to operate Island One's business, on or about September 1, 2011, Island One and Homewood formalized an arrangement with Island Two regarding the provision of management, oversight and consulting services to Island One by Island Two, which services had been provided since June 1, 2011. The document that formalized the arrangement by which Island Two provided the above services is the Management Agreement.

15. The Management Agreement is a valid and binding contract between and among Island One, on the one hand, and Homewood and Island Two, on the other. It provides that it is to be governed and construed in accordance with New York Law.

16. Starting in June 2011, pursuant to the Management Agreement, Island One paid Island Two a fee of $10,416.66 on the first calendar day of each month from June 2011 until January 2013, representing the monthly portion of an "annual management fee equal to $125,000." Section 7 of the Management Agreement provides for an initial term of five years, from June 2011 until the end of May 2016.

### Defendant Island One's Breach of Contract

17. From June 10, 2011 through January 10, 2012, defendant Island One regularly paid Island Two the monthly portion of the $125,000 Advisor Fee, as described above. In February 2013, for the first time since the inception of the Management Agreement, Island One, without any explanation, either written or oral, failed to pay Island Two the monthly portion of the Advisor Fee to which Island Two was entitled by the clear terms of the Management Agreement. Island One has persisted in this breach up to and including the date of this Fourth Amended Complaint, despite Island Two's protest contained in a letter dated February 28, 2013, a copy of which is attached hereto as Exhibit D (the "February 28 Letter"). On information and belief, Island One has determined to continue to withhold payment of the Advisor Fee for the remaining 40-month term of the Management Agreement, thus depriving Island Two of over $415,000 in bargained-for compensation.

18. The Management Agreement provides in Section 7(d) that Island One may terminate the agreement "by giving notice in writing in the event of a material breach of this Agreement and such breach has not been cured within thirty (30) calendar days of receipt of written notice thereof . . . ."

19. As of the date of this Fourth Amended Complaint, no such "notice in writing" has been sent to Island Two by Island One, nor has any written notice of "material breach" been sent, despite these failures to notify having been called to the attention of Island One by Island Two in the February 28 Letter. See Exhibit D. As stated in the February 28 Letter, no "material breach" of the Management Agreement by Island Two has in fact occurred. Id.

20. On information and belief, counsel associated with defendants has advised there is no basis for early termination of the Management Agreement by Island One or for the withholding of payment due to Island Two, and yet Island One, through arbitrary and capricious decisions made by defendant Teitelbaum, has entirely ceased performance of the Management Agreement.

21. The above-described conduct by Island One constitutes an anticipatory breach of Island One's duty to perform the balance of the contract, including its duty to pay remaining Advisor fees to Island Two, and a total repudiation by Island One of the Management Agreement.

### Alternative Claim for Declaratory Relief

22. In the alternative, if Island One has not repudiated the Management Agreement, it has failed to terminate the agreement or Island One's obligations to Island Two under the agreement.

23. Island Two has not materially breached the Management Agreement. Further, as alleged above, Island One has failed utterly to follow the provisions of Section 7(d) of the Management Agreement. It has failed to give notice in writing to Island Two of the occurrence of a material breach. In the absence of such notice, Island Two has not been afforded the thirty day period that Section 7(d) requires for curing any such breach. To the contrary, Island Two,

through its principal, Sozio, has made clear its continued willingness and ability to provide advisory services to Island One, including through the February 28 Letter.

24. Defendant Island One's cessation of monthly payments of the Advisor Fee constitutes an implicit and wrongful assertion that obligations under the Management Agreement are at an end. Island Two asserts, to the contrary, that it has not materially breached the Management Agreement, that Island One has failed to comply with Section 7(d) of the Management Agreement and failed to terminate the Agreement, and that Island One continues to have obligations to Island Two, including a continued obligation to pay the Advisor Fee, under the Management Agreement.

25. A controversy exists between Island One and Island Two about their respective rights and obligations under the Management Agreement and Island Two does not have a plain, speedy and adequate remedy at law.

26. Declaratory and injunctive relief are therefore appropriate.

### Intentional Interference by Defendants Teitelbaum and Homewood

27. Defendant Teitelbaum has effectively controlled Island One through various affiliates, including Homewood, Homewood IOI, TAC Sponsor and Timeshare Acquisitions, since June 2011.

28. Homewood is an entity formed by defendant Teitelbaum in late 2010 for the purported purpose of engaging in investment activity. On information and belief, Homewood has languished and served the purpose of providing financial support for defendant Teitelbaum's increasing personal indebtedness. On information and belief, under defendant Teitelbaum's control, Homewood has suffered from issues of inadequacy of capitalization and commingling of personal and corporate funds that has exposed Homewood to serious financial challenges.

29. Evidence of defendant Teitelbaum's personal financial issues is apparent in the recent litigation brought against him by Donald Trump relating to a personal real estate transaction on which defendant Teitelbaum reneged. See Exhibit E attached hereto.

30. On information and belief, for at least the past year, defendant Teitelbaum has managed the affairs of Homewood in such a way that Homewood has not been able to meet its financial obligations. For example, on Sunday August 5, 2012, defendant Teitelbaum e-mailed the employees of Homewood stating the he was "embarrassed and upset" that Homewood would not have the funding to make payroll. See Exhibit F attached hereto.

31. The Management Agreement, Section 2(d), provides that in the event of termination of Island One's obligations to Island Two, Homewood is to receive the amounts otherwise payable to Island Two under the Management Agreement.

32. On information and belief, defendant Teitelbaum has continued to manage Homewood in a way that imperils its ability to meet its obligations. In an effort to shore up Homewood's finances, defendant Teitelbaum saw the fees paid to Island Two under the Management Agreement as a new source of funding for Homewood's operations. Accordingly, defendant Teitelbaum, in concert with Homewood, sought to cause Island One to terminate its obligation to pay a monthly management fee to Island Two by whatever means possible, whether legal or not. Such actions were taken to promote the best interests of Teitelbaum, not those of Island One.

33. The Management Agreement is a valid and binding contract between Island Two and defendant Island One.

34. Defendant Teitelbaum had actual knowledge of the Management Agreement.

35. Defendant Teitelbaum, without justification, intentionally procured the breach of the Management Agreement by defendant Island One.

36. On information and belief, defendant Teitelbaum undertook these actions knowingly in opposition to the view of counsel to Island One and counsel to Timeshare Acquisitions regarding the provisions of the Management Agreement. Island One's breach of the Management Agreement was not in the best interests of that company.

37. In an effort to provide financial support to Homewood, defendant Teitelbaum intentionally and maliciously interfered with the Management Agreement and caused Island One to violate its clear provisions regarding Island One's duty to pay Island Two an Advisor Fee, or alternatively to give notice concerning any breach, which would have afforded Island Two a thirty-day period to cure any such breach.

38. Defendant Teitelbaum's actions were malicious, done both in direct opposition to the advice of counsel and with reckless disregard for the rights of Island Two.

39. But for the actions for defendant Teitelbaum, as described above, the Management Agreement's provisions would have been observed.

### Breach of the Indemnification Obligations Owed to Island Two and Sozio by Island One

40. On May 21, 2013, Island One asserted counterclaims in this proceeding against Island Two and added Sozio as a third-party defendant. On July 1, 2013, Island One filed an Amended Answer and Counterclaims, asserting a breach of contract claim against Island Two and a breach of fiduciary duty claim against Sozio.

41. The Management Agreement contains exculpation and indemnification provisions applicable to both Island Two and Sozio. Specifically, Section 8(a) provides that the Manager (Homewood) and Advisor (Island Two), as well as their principals, members, officers, directors,

employees or agents (including Sozio), are to be exempted from any liability, unless caused by his gross negligence or willful malfeasance. Neither Island Two nor Sozio has engaged in any conduct that could properly be characterized as gross negligence or willful malfeasance. Indeed, they have both acted in complete good faith throughout.

42.   Further, under Section 8(b) of the Management Agreement, Island One is required to:

> indemnify, defend and hold harmless . . . an "Indemnified Person" [ ] to the fullest extent permitted by law, from and against any loss, damage, liability, cost or expense, as they are incurred, (including attorneys' fees and expenses) arising out of or in connection with (1) any act or failure to act or alleged act or failure to act by an Indemnified Person arising out of, in connection with or in any way related to the Company [Island One], (2) the affairs of the Company [Island One] or (3) any determination or action which the Indemnified Person makes, takes or omits to take in good faith reliance upon and in accordance with the opinion or advice of the Company's [Island One's] auditors, managers or other legal counsel; provided however that the Company [Island One] shall not indemnify any Indemnified Person for any loss, damage, liability, cost or expense (1) from the willful misconduct, bad faith or gross negligence of such Indemnified Person or (2) as to which indemnification is barred under . . . New York law or other applicable laws.

The paragraph continues that the Company shall pay such attorney's fees and expenses "as they are incurred upon receipt, in each case, of any undertaking by or on behalf of the Indemnified Person to repay such amounts if it is ultimately determined that such Indemnified Person is not entitled to indemnification with respect thereto."

43.   Apart from the indemnification provisions of the Management Agreement, the Articles of Incorporation of Island One, as amended by a Certificate of Amendment filed on May 27, 2011 (the "IOI Articles"), attached hereto as Exhibit G, contain separate indemnification provisions applicable to Sozio, who was at all relevant times a Director of Island One. The IOI Articles state that Island One:

> shall, to the fullest extent permitted or required by Section 607.0850 of the Florida Statutes, indemnify any and all persons to whom it shall have

> power to indemnify under said section from and against any and all expenses, liabilities or other matters referred to in or covered by said section, both as to action in his . . . official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director . . . of [Island One] . . .

44. Subsection 607.0850(1) through (5) of the Florida Statutes provide standards and procedures for indemnification against liability, amounts paid in settlement, and expenses in certain circumstances. Subsection 607.0850(6) of the Florida Statutes provides that, "[e]xpenses incurred by [a] . . . director in defending a civil . . . proceeding may be paid by the corporation in advance of the final disposition of such proceeding upon receipt of an undertaking by or on behalf of such director . . . to repay such amount if he or she is ultimately found not to be entitled to indemnification by the corporation pursuant to this section." Pursuant to Section 607.0850 of the Florida Statutes, the term "expenses" includes counsel fees. Subsection 607.0850(7) of the Florida Statutes provides that "[t]he indemnification and advancement of expenses" pursuant to Section 607.0850 "are not exclusive, and a corporation may make any other and further indemnification or advancement of expenses of any of its directors . . . under any bylaw, agreement, vote of shareholders or disinterested directors, or otherwise, both as to action in his or her official capacity and as to action in another capacity while holding such office," provided that the director has not been finally determined to have violated the standard of conduct set forth in subsection (7). Subsections 607.0850(9)(b) and (c) provide that this Court may order indemnification or advancement of expenses, or both, based on Island One's exercise in the IOI Articles of its indemnification power pursuant to subsection (7) and regardless of whether Sozio has met the standard of conduct set forth in subsection (7).

45. On May 31, 2013 following the interposition of Island One's counterclaims in this proceeding, both Island Two and Sozio sent Island One a Notice of Demand for Indemnification under the Management Agreement and provided the undertaking contemplated by the

-11-

Management Agreement, as shown in Exhibit H. In addition, that same day, Sozio sent a separate demand for indemnification under the IOI Articles and likewise provided the undertaking required by section 607.0850(6) of the Florida Statutes, as shown in Exhibit I.

46. On June 13, 2013, as shown in Exhibit J, counsel for Island One responded to the two demands and rejected them. On June 20, 2013 and July 1, 2013, as shown in Exhibit K, counsel for Sozio and Island Two replied separately to Island One's correspondence and reiterated their demands that Island One honor its indemnification obligations to Island Two and Sozio. On July 8, 2013, as shown in Exhibit L, Island One again rejected the demands for indemnification asserted by Island Two and Sozio.

47. On July 31, 2013, as shown in Exhibit M, counsel for Sozio and Island Two again wrote separately to Island One and again reiterated their demands that Island One honor its indemnification obligations to Island Two and Sozio. Island One did not respond to this last correspondence, nor has it since honored its indemnification obligations, including obligations to pay expenses as they are incurred, in advance of an ultimate determination on indemnification, owed under the Management Agreement and the IOI Articles.

48. All of the foregoing allegations are incorporated into each of the following claims for relief.

### FIRST CLAIM FOR RELIEF – ON BEHALF OF ISLAND TWO
### Breach of the Management Agreement

49. The above-described conduct of defendant Island One constitutes a repudiation of the Management Agreement, in that:

    a) Island One has clearly engaged in an anticipatory breach of the Management Agreement's provision requiring the payment of an annual

      Advisor Fee of $125,000.00 for the remainder of the five-year term of said Agreement ending in May 2016;

  b)  Such actions violate Section 2(b)'s provision that "the Company" [Island One] will pay the Advisor [Island Two] an annual management fee equal to $125,000; and

  c)  Island One has not terminated the Management Agreement under the provisions of Section 7(d) "by giving notice in writing in the event of a material breach," in that no material breach has occurred, Island One has given no notice in writing of such a breach, and the required opportunity to cure was not afforded to Island Two.

50.  Due to Island One's repudiation and total breach of the Management Agreement, Island Two has been injured in an amount to be determined at trial, but no less than $416,666.00, plus interest.

### SECOND CLAIM FOR RELIEF – ON BEHALF OF ISLAND TWO
### Declaratory Judgment

51.  Defendant Island One's actions have violated the Management Agreement in that Island Two, has been ready, willing and able to perform under the terms of that agreement, and in fact has so performed, and yet Defendant Island One has failed to make the February, March, April, May and June 2013 payments of the Advisor Fee required under Section 2(b) of the Management Agreement. On information and belief, defendant Island One intends to persist in its nonpayment of the Advisor Fee throughout the remaining term of the Management Agreement, thereby effecting an anticipatory breach of the balance of its contract performance and a complete repudiation of the Management Agreement.

52. In the event that Island One is found not to have completely repudiated the terms of the Management Agreement, with damages attendant thereto, then Island One has willfully failed to abide by the notice provisions of that agreement in that Island Two has not been provided, in accordance with Section 7(d) of the Management Agreement, with "notice in writing . . . of a material breach." Therefore, Island Two has not been afforded the thirty-day period provided in Section 7(d) to cure any such material breach.

53. Given the absence of a material breach by Island Two, the required notice of a such a breach and an opportunity to cure it, Island Two's continued willingness and ability to perform under the Management Agreement, and Island One's wrongful non-performance of its obligations under the Agreement, the Court should declare that:

    a)    Island Two has not materially breached the Management Agreement;

    b)    Defendant Island One has not effectively terminated the Management Agreement;

    c)    Island One cannot terminate the Management Agreement in the absence of a material breach by Island Two, proper notice of such breach to Island Two, and a failure by Island Two to cure the breach within 30 days of receipt of notice; and that

    d)    Island One continues to owe performance of its obligations under the Agreement to Island Two, including its obligation to pay the Advisor Fee to Island Two.

54. Further, to avoid further harm to Island Two, the Court should enjoin Island One from continuing its non-payment of the Advisor Fee and other non-performance of its obligations under the Management Agreement.

## THIRD CLAIM FOR RELIEF – ON BEHALF OF ISLAND TWO

### Tortious Interference by Defendant Teitelbaum

55. The above-described actions by defendants Teitelbaum and Homewood constitute tortious interference with the Management Agreement that Island Two entered into with Island One. Teitelbaum's actions in interfering with the lawful observance of the Management Agreement's terms were done with malice, and a high degree of moral turpitude.

56. Island Two has suffered damages as a direct and proximate result of defendant Teitelbaum's actions in procuring Island One's breach of the Management Agreement, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF – ON BEHALF OF ISLAND TWO AND SOZIO

### Breach of Indemnification Obligations of Management Agreement

57. As set forth above Island One has breached the indemnification obligations owed under the Management Agreement to Island Two and Sozio, both of whom fully performed their obligations owed thereunder.

58. Island Two and Sozio have suffered damages caused by Island One's breach, in the form of legal fees and other expenses incurred in connection with this proceeding.

## FIFTH CLAIM FOR RELIEF – ON BEHALF OF SOZIO

### Breach of Indemnification Obligations of IOI Articles

59. As set forth above, Island One has breached the indemnification obligations owed under the IOI Articles to Sozio, who fully satisfied all obligations he owed to Island One under Florida law.

60. Sozio has suffered damages caused by Island One's breach, in the form of legal fees and other expenses incurred in connection with this proceeding.

WHEREFORE, plaintiffs pray for a judgment:

1. Awarding Island Two damages in an amount to be determined at trial, but in no event less than the amount demanded in the First Claim For Relief stated herein;

2. That, in the alternative, the Court determine the rights of Island Two under the terms of the Management Agreement;

3. That the Court enter a declaratory judgment determining:

    a) That Island Two has performed under the Management Agreement;

    b) That Island Two has committed no "material breach" of the Management Agreement, as that term is used in Section 7(d);

    c) That Island One cannot terminate the Management Agreement in the absence of a material breach by Island Two, proper notice of such breach to Island Two, and a failure by Island Two to cure the breach within 30 days of receipt of notice;

    d) That Island One continues to owe performance of its obligations under the Agreement to Island Two, including its obligation to pay the Advisor Fee to Island Two; and

    e) That defendants be enjoined and restrained from violating the Management Agreement by its non-performance of such obligations;

4. Awarding Island Two damages from defendant Teitelbaum in an amount to be determined at trial for his willful interference with the Management Agreement;

5. Awarding Island Two compensatory and punitive damages to which it is entitled under New York State law;

6. Awarding Island Two and Sozio damages against Island One for breach of the indemnification obligations owed to them under the Management Agreement, in the form of their reasonable attorney's fees and other expenses incurred in connection with this proceeding.

7. Awarding Sozio damages against Island One for breach of the indemnification obligations owed to him under the IOI Articles, in the form of his reasonable attorney's fees and other expenses incurred in connection with this proceeding.

8. Awarding Island Two such other and further relief as the Court deems just and proper.

Dated: August 26, 2013

DORSEY & WHITNEY LLP

By: _____
William G. Primps (WP-6626)
Bruce R. Ewing (BE-0724)
Jena L. Tiernan (JT-6038)
51 West 52nd Street
New York, New York 10019
(212) 415-9200

*Attorneys for Plaintiffs*
*Island Two LLC and Scott Sozio*

Daniel C. Malone (DM-6612)
SCAROLA MALONE
& ZUBATOV LLP
1700 Broadway, 41st Floor
New York, New York 10019
(212) 757-0007

*Attorneys for Plaintiff*
*Scott Sozio*