USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :
ISLAND TWO LLC,                                :
                              Plaintiff,  :
                                                       :
                      -against-                 :
                                                        :         13 Civ. 02121 (LGS)
ISLAND ONE, INC. and DOUGLAS           :
TEITELBAUM,                                     :        OPINION AND ORDER
                                      Defendants.  :
                                                        :
------------------------------------------------------------ X
                                                         :
ISLAND ONE, INC.,                     :
                          Counterclaimant,  :
                                                        :
                      -against-                :
                                                        :
ISLAND TWO LLC and SCOTT SOZIO,    :
                        Counterclaim Defendants.  :
                                                        :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Before the Court is Defendant Douglas Teitelbaum's motion to dismiss the single claim against him in the Third Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim of tortious interference with contract.[1]  For the reasons stated below, Defendant Teitelbaum's motion is denied.

**I.    Background**

      Unless otherwise noted, the facts are taken from the Complaint.  Defendant Island One, Inc. ("Island One") is a corporation that operates a vacation ownership, hospitality and resort management business in Florida.  Defendant Teitelbaum is both a director and the Chairman of

---

[1] On August 26, 2013, in accordance with the parties' case management plan, Plaintiff filed a Fourth Amended Complaint, which is the current, operative complaint in this matter. The Fourth Amended Complaint adds counterclaim defendant, Scott Sozio, as a plaintiff and an additional claim for indemnification against Island One, Inc. (Dkt. No. 57). The allegations pertaining to the tortious interference claim against Defendant Teitelbaum in the Third Amended Complaint and the Fourth Amended Complaint are in all material respects the same.

Island One.  Defendant Teitelbaum also controls Island One through his indirect management and ownership of Island One's majority and controlling shareholder.

On around September 1, 2011, Island One entered into an agreement with two other entities to provide for the management and oversight of Island One, including debt advice and the preparation of financial statements and business plans.  One entity was Homewood Capital LLC ("Homewood"), as "Manager" of Island One.  The second entity was Plaintiff Island Two, LLC, as "Advisor" to Island One.  The agreement provided that Plaintiff was to receive an annual Advisor Fee of $125,000, to be paid in monthly installments from June 2011 to May 2016.  The agreement further provided that if Plaintiff was terminated under the agreement, Homewood would assume the obligations of Plaintiff and receive the amounts that would have been payable to Plaintiff.

Defendant Teitelbaum formed Homewood in 2010 as a limited liability company.  Teitelbaum is the principal member of Homewood.  It is alleged that under Teitelbaum's control, Homewood has provided financial support for Teitelbaum's increasing personal indebtedness, has been undercapitalized, has commingled corporate and Teitelbaum's personal funds, and thus has been exposed to serious financial challenges.

The Complaint alleges that Island One breached its contractual obligations to Plaintiff by ceasing to pay Plaintiff the Advisor Fee beginning in February 2012.  The Complaint further alleges that Defendant Teitelbaum and Homewood caused Island One to commit this breach so that the Advisor Fee instead would be paid to Homewood.  Teitelbaum's actions allegedly were taken to promote his own personal interests; were contrary to the best interests of Island One; were contrary to the advice of counsel for Island One; and were malicious and in reckless disregard of Plaintiff's rights.  The Complaint also asserts that, but for the actions of Teitelbaum, Island One would have fulfilled its obligations to Plaintiff under the agreement.

## II. Legal Standard for Motion to Dismiss

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations in the Complaint and draws all reasonable inferences in favor of the non-moving party. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations,'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied*, 133 S.Ct. 846 (2013) (quoting *Twombly*, 550 U.S. at 555). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal punctuation omitted); *see also* Fed. R. Civ. P. 8(a)(2).

## III. Discussion

The motion to dismiss the claim against Teitelbaum for tortious interference with contract is denied. The Complaint has pleaded sufficient facts as to each element of the claim. Critically, Teitelbaum was a "stranger" to the contract to which Island One, Homewood and Plaintiff were parties because (1) although he was the principal member of, and acting for the benefit of

Homewood, in that capacity he was interfering with the contractual arrangements between Island One and Plaintiff not involving Homewood, and (2) although he was a director and the Chairman of Island One, in procuring the breach, he was acting for his personal gain and the benefit of Homewood, and not within the scope of his duties to Island One and not to further the corporate interests of Island One.

### A. Elements of Tortious Interference with Contract

Under New York law, the five elements to a claim for tortious interference with contract are: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1375 (N.Y. 1996)) (internal marks omitted)). To bring a successful tortious interference with contract claim, a plaintiff is required to prove that "but for" the conduct of the defendant, the breach would not have occurred. *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990).

There is no dispute that Plaintiff has pleaded sufficient facts to support four of the five elements of a tortious interference claim. The Management Agreement is a valid, binding contract between Island One, Plaintiff and Homewood. Teitelbaum was aware of the contract. Island One breached the contract when it stopped paying Plaintiff the Advisor Fee, and Plaintiff consequently sustained a loss of the Advisor Fee from February 2013 to May 2016, or $416,666.00.

Contrary to Defendant Teitelbaum's argument, Plaintiff also has pleaded sufficient facts to allege the third element of a tortious interference claim – that Teitelbaum intentionally induced Island One to breach the Management Agreement without justification. The Complaint

4

alleges that Teitlebaum, by virtue of his control of various organizations that exerted power over Island One, including its majority shareholder, caused Island One to breach its agreement with Plaintiff.  The Complaint further alleges that Teitelbaum sought to have the fees that otherwise would have been paid to Island One redirected to Homewood, and that "but for" the actions of Teitelbaum, Island One would have fulfilled its contractual obligations to Plaintiff.

### B.  Stranger to the Contract – Teitelbaum and Homewood

Defendant argues that the claim of interference with contract should be dismissed because the Complaint purportedly asserts facts that would make him the alter ego of Homewood, which is a party to the Management Agreement.  It is axiomatic that a party cannot tortuously interfere with its own contract.  "It is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with contract." *Koret, Inc. v. Christian Dior, S.A.,* 161 A.D.2d 156, 157 (1st Dep't 1990); *accord Finley v. Giacobbe*, 79 F.3d 1285, 1295 (2d Cir. 1996) (applying New York law) (citations and internal marks omitted).  This argument is incorrect for two reasons.  First, the Complaint does not conflate Teitelbaum and Homewood.  Although Homewood is a party to the Management Agreement, Teitelbaum is not a party to the agreement.  His effort to assert alter ego status based on the allegations in the Complaint is contrary to law.  "While the corporate veil may be pierced for the benefit of those suing a corporation, it will not be pierced in the reverse manner for the benefit of the corporation or its individual shareholders." *Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288, 306 (1st Dep't 2003) (citing *Uribe v. Merchants Bank of New York*, 239 A.D.2d 128 (1997) aff'd, 693 N.E.2d 740 (N.Y. 1998)); *see Wm. Passalacqua Builders, Inc., v. Resnick Developers S., Inc.*, 933 F.2d 131, 139 (2d Cir. 1991) (the policy behind piercing the corporate veil is "the need to protect those who deal with the corporation").

Second, even if Teitelbaum were considered a de facto party to the agreement through his relationship with Homewood, he and Homewood are strangers to the contractual relationship between Island One and Plaintiff, and that relationship is the alleged subject of tortious interference.  The Management Agreement is a multilateral contract and contains two separate agreements—one agreement between Island One and Plaintiff and another agreement between Island One and Homewood.  As one court in this district explained, "[p]ublic policy requires that the rights of two contracting parties be protected from tortious interference . . . ; the fact that one may derive rights under the same agreement as two other contracting parties does not excuse interference with their contractual rights." *Aljassim v. S.S. S. Star*, 323 F.Supp. 918, 926 (S.D.N.Y. 1971); *see also Leber Assocs., LLC v. Entm't Grp. Fund, Inc.*, No. 00 Civ. 3759, 2003 WL 21750211, at *18 (S.D.N.Y. Jul. 29, 2003) (holding that a party to a multilateral contract can interfere tortiously with contractual relations between parties other than itself under the agreement because the defendants "were effectively third parties to the specific agreement" between the breaching party and the plaintiff); *Sufrin v. Hosier*, 128 F.3d 594, 598 (7th Cir. 1997) (Posner, R.) (observing that "the temptation to tortious interference might seem especially great" where the parties in a multilateral contract "have contractual claims against the same obligor").

Here the Management Agreement provides that (1) Homewood will manage Island One in exchange for a management fee paid by Island One and (2) Plaintiff will advise Island One in exchange for an Advisor Fee paid by Island One.  The Management Agreement does not establish any obligations between Homewood and Plaintiff.  Teitelbaum is a stranger to the agreement between Plaintiff and Island One, and a claim against him for interfering with that agreement is not improper.

### C. Stranger to the Contract – Teitelbaum and Island One

Likewise, the allegations of Teitelbaum's relationship with Island One do not relieve him from liability for interference with contract. Corporate officers and directors may be held liable for tortious interference with their company's contracts where they either acted "outside the scope of their employment" or "for . . . personal, rather than the corporate interests." *Hoag v. Chancellor, Inc.*, 246 A.D.2d 224, 228, 230 (1st Dep't 1998); *see IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 407–08 (S.D.N.Y. 2009) ("[A] narrow exception exists for officers acting wholly outside the scope of their authority for purely personal gain. . . .").

The Complaint alleges that Teitelbaum directed Island One to breach the Management Agreement with Plaintiff against the advice of its attorneys and promoted his interests over those of Island One. These allegations are sufficient to support a claim that Teitelbaum acted "outside the scope of [his] employment" with Island One and sought to "personally profit[]" by gaining the Advisor Fee for his company, Homewood. *Hoag*, 246 A.D.2d at 228.

In sum, Plaintiff has pleaded that Teitelbaum, without justification and acting beyond the scope of his employment with Island One, intentionally induced Island One to breach its agreement with Plaintiff for the benefit of his company, Homewood. Taken together, the allegations in the Complaint are sufficient to state a claim that Teitelbaum tortiously interfered with the contract between Island One and Plaintiff.

### IV. Conclusion

For the foregoing reasons, Defendant Teitelbaum's motion to dismiss the claim against him for tortious interference is DENIED.

Defendant Teitelbaum shall file his answer to the current operative complaint, the Fourth Amended Complaint, no later than two weeks from the date of this order.

The Clerk of Court is directed to close the motion at docket number 34.

SO ORDERED.

Dated: September 26, 2013
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE