

BRUCE R. EWING
Partner
(212) 415-9206
FAX (212) 953-7201
ewing.bruce@dorsey.com

February 26, 2014

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Island Two LLC et al. v. Island One, Inc. et al.*, Case No. 13 Civ. 02121 (LGS)

Dear Judge Schofield:

      I write on behalf of Plaintiffs Island Two LLC ("Island Two") and Scott Sozio ("Sozio" or collectively, "Plaintiffs") in response to the February 21, 2014 pre-motion letter sent by counsel for defendant Island One, Inc. ("Island One"), in which Island One advises of its plans to seek summary judgment on both its own counterclaim against Mr. Sozio for breach of fiduciary duty and Plaintiffs' claims for indemnification. However, the only parties entitled to the entry of summary judgment on these causes of action are Plaintiffs, not Island One.

      Island One's counterclaim for breach of fiduciary duty is a transparent tactical gambit meant to distract the Court from Island One's egregious breach of the Management Agreement between it and Island Two, and the insupportable contention that Island One is entitled to summary judgment on this counterclaim is simply an extension of that strategy. As an initial matter, much of Island One's argument with respect to this counterclaim is built upon the false presumption that New York law can be applied to that counterclaim because there is no difference between the laws of New York and Florida with respect to such a cause of action. However, in New York, mere acts of negligence can support a claim for breach of fiduciary duty, *see Fraternity Fund, Ltd. v. Beacon Hill Asset Mgt., LLC*, 376 F.Supp.2d 385, 414-15, n. 190 (S.D.N.Y. 2005), but this is not true in Florida. Rather, under Florida law, Island One must establish that Mr. Sozio's actions amounted to fraud, deceit or bad faith if it is to prevail on this counterclaim. *Inspiration Yacht Charters, Inc. v. Inspiration Yacht Charters II, Inc.*, No. 09-CIV-20472, 2010 WL 5014371, at *16 (S.D. Fla. Dec. 2, 2010); *see also* FLA STAT. § 607.0831 (immunizing corporate directors from liability in suits by their corporations except in certain enumerated circumstances); FLA STAT. § 607.0850. Given this substantial difference between the laws of New York and Florida, and Island One's existence under the laws of Florida, it is Florida law that governs Island One's counterclaim. *Koury v. Xcellence, Inc.*, 649 F. Supp. 2d 127, 134-35 (S.D.N.Y. 2009); *see also Cole v. Equitable Life Assurance Soc'y of U.S.*, No. 108611, 95-001, 1996 WL 932095, at *5 (N.Y. Sup. Ct. N.Y. Co. 1996) (applying Florida law, rather than New York law, to claim for breach of fiduciary duty).



Honorable Lorna G. Schofield
February 26, 2014
Page 2

      A review of Island One's letter and the evidence adduced during discovery demonstrates that it cannot carry its burden under Florida law of showing that Mr. Sozio's conduct constituted fraud, deceit or bad faith, or that anything he did or did not do proximately caused damage to Island One, which Island One also has to prove in order to prevail on its breach-of-fiduciary-duty counterclaim. *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). There is no such causal connection between any amount of damages Island One has claimed in this proceeding and Mr. Sozio's purported disclosure of Island One business opportunities to third parties; or his involvement of Steve van Dyke in the effort by Island One's CEO, Sterling Stoudenmire, to acquire the company; or his purported failure to disclose a report by a real estate broker assessing (incorrectly) the value of an Island One asset, a value that could be readily ascertained from a prior bid on that property. Thus, when Island One claims that "the amount of damages for this series of breaches may be in dispute," Feb. 21, 2014 Letter at 3, it is engaging in sophistry. There cannot be any "dispute" over the amount of Island One's alleged damages caused by this purported misconduct, because Island One has never claimed to have suffered any such damages, let alone attempted to quantify them.

      As for the issue of fraud, deceit or bad faith, Island One's arguments are wholly misleading because they omit any mention of the fact that, when Mr. Sozio was asked by Mr. Stoudenmire to roll his equity interest and that of the Sozio family in Island One into the new entity that Mr. Stoudenmire formed as buyer, Mr. Sozio asked both his superior, Douglas Teitelbaum, and the controlling shareholder of Island One for permission to participate in that acquisition as part of the buyer. The reason Mr. Sozio asked for such permission was because of the conflict that would result between Mr. Sozio's role as a director of Island One and a planned equity participant in the buyer. Notwithstanding that conflict, Mr. Teitelbaum granted Mr. Sozio's request, in writing. Given this waiver, the fact that Mr. Sozio did not share information about changes in the roster of investors participating in the buyer entity (changes that were completed in mere days), or that Mr. Stoudenmire and Mr. Sozio never finalized their negotiations over the percentage of shares in the buyer entity that Mr. Sozio and his family would receive, cannot support a claim for breach of fiduciary duty.

      Apparently recognizing that all of these alleged nondisclosures don't add up to very much individually, Island One tries to combine them all together to come up with one grand theory: that Island One would not have incurred legal and accounting fees as part of the attempted acquisition if only Mr. Sozio had spoken up. However, this theory has no factual support. It is indisputable that the plan from the day Island One was first acquired out of bankruptcy in 2011 was for the company to be sold at some point. That point arrived in 2013 when Mr. Stoudenmire, on his own, expressed interest in buying Island One. It is also undisputed that the transaction initiated by Mr. Stoudenmire was under way before Mr. Sozio was given permission to participate in it, and that the transaction continued after Mr. Sozio ceased to be a participant in it, following the failure of his negotiations with Mr. Stoudenmire in mid-December 2013. Finally, the failure of Mr. Stoudenmire's effort to buy Island One, and the need for Island One to bear its own deal costs, stemmed not from anything Mr. Sozio did or did not do, but from the decision by Mr. Teitelbaum and Island One's controlling investor, Alden Global, to pursue a different deal with another potential buyer, which resulted in the sale of Island One to that different buyer in July 2013, on terms substantially more favorable to the investors in Island One. In the end, then, it was that decision, with which Mr. Sozio had no



Honorable Lorna G. Schofield
February 26, 2014
Page 3

involvement whatsoever, that proximately caused Island One to bear its own deal costs, not anything Mr. Sozio did or did not do.

To be sure, there is one aspect of Island One's counterclaim in which it does assert that Mr. Sozio did something that proximately caused harm to Island One, namely when he supposedly allowed Mr. Stoudenmire to charge buyer deal costs improperly to Island One. However, as noted in Plaintiffs' letter to the Court of February 21, 2014, there is no evidence that Mr. Sozio was aware of some of these charges, as to which he never benefited personally, meaning that he lacked the state of mind required under Florida law in order to make him liable for them. As for other charges, Mr. Sozio did not know of them either, but even if he did, Mr. Stoudenmire has testified that he believed it was appropriate for this subset of the disputed charges to be paid by Island One because they concerned capital fundraising that could later be tapped by Island One. Given this and the strict legal standard Island One must meet in order to prevail on its counterclaim for breach of fiduciary duty, there can be no genuine dispute of material fact that these charges were not the product of fraud, deceit or bad faith.

Finally, summary judgment dismissing Plaintiffs' claims for indemnity under the Management Agreement and Island One's Articles of Incorporation would also be inappropriate. To the contrary, as noted in Plaintiffs' prior correspondence, it is Plaintiffs that are entitled to the entry of summary judgment on these claims. With respect to the Management Agreement, that contract requires indemnification of Island Two and Mr. Sozio "to the fullest extent permitted by law, from and against **any** loss, damage, liability, cost or expense, as they are incurred, (including attorneys' fees and expenses) arising out of or in connection with (1) **any** act or alleged act or failure to act by an Indemnified Person arising out of, in connection with or in any way related to the Company" (emphasis supplied). Based on the broad scope of this clause, it is both "unmistakably clear" and "manifest from the surrounding facts and circumstances or purpose of the agreement that indemnification was contemplated between the parties." *See Promuto v. Waste Mgmt., Inc.*, 44 F. Supp. 2d 628, 650-52 (S.D.N.Y. 1999).

Likewise, Island One's Articles of Incorporation similarly allow for indemnification of Mr. Sozio under Florida law, in that they require Island One "to the fullest extent permitted or required by Section 607.0850 of the Florida Statutes, indemnify any and all persons to whom it shall have power to indemnify under said section from and against any and all expenses, liabilities or other matters referred to in or covered by said section ...." As stated previously, FLA. STAT. § 607.0850 requires indemnification of Mr. Sozio in this suit by Island One, so long as he acted in good faith and in a manner he or she reasonably believed to be in, or not opposed to, the best interests of the corporation. *See Wendt v. LaCosta Beach Resort Condo. Ass'n*, 64 So. 3d 1228 (Fla. 2011). Given the incontrovertible evidence described above, Mr. Sozio is entitled to summary judgment under Florida law on this claim.

Respectfully submitted,

*/s/ Bruce R. Ewing*

Bruce R. Ewing

Cc:    All Counsel of Record (by ECF)